FILED - KZ
December 10, 2010 3:49 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
bd / ___ Scanned by Am / 12-13

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| STRYKER CORPORATION, STRYKER PUERTO RICO, LTD., and STRYKER SALES CORPORATION, | ) ) ) ) | 1:10-cv-1223 Robert J. Jonker U.S. District Judge |
| Plaintiffs, | ) ) ) | Civil Action No. |
| v. | ) ) | **JURY TRIAL REQUESTED** |
| ZIMMER, INC., and ZIMMER ORTHOPAEDIC SURGICAL PRODUCTS, | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

For its Complaint herein, Plaintiffs Stryker Corporation, Stryker Puerto Rico, Ltd., and Stryker Sales Corporation allege as follows:

**The Parties**

1. Plaintiff Stryker Corporation ("Stryker") is a Michigan corporation having its principal place of business at 2825 Airview Boulevard, Kalamazoo, Michigan 49002.

2. Plaintiff Stryker Puerto Rico, Ltd. ("SPR") is an Irish corporation having its principal place of business at K.M. 131.2 Hwy #3, Las Guasimas Industrial Park, Arroyo, Puerto Rico.

3. Plaintiff Stryker Sales Corporation ("SSC") is a Michigan corporation having its principal place of business at 2825 Airview Boulevard, Kalamazoo, Michigan 49002.

1

4. On information and belief, Defendant Zimmer, Inc. ("Zimmer") is a Delaware corporation having its principal place of business at 1800 West Center Street, Warsaw, Indiana 46581.

5. On information and belief, Defendant Zimmer Orthopaedic Surgical Products ("ZOSP") is a Delaware corporation having its principal place of business at 200 West Ohio Avenue, Dover, Ohio 44622.

6. Stryker is a medical technology company with a range of products in various medical specialties, including the market for pulsed irrigation for use in wound care, trauma, and orthopedic procedures.

7. SPR is a medical technology company with a range of products in various medical specialties. SPR manufactures pulsed irrigation products for use in wound care, trauma, and orthopedic procedures.

8. SSC is the exclusive distributor of certain Stryker products in the United States, including but not limited to the InterPulse and SurgiLav pulsed lavage systems.

9. Upon information and belief, Zimmer is a medical technology company with a range of products in various medical specialties.

10. Upon information and belief, ZOSP manufactures medical products, surgical supplies, and orthopedic soft goods.

**The Patents-in-Suit**

11. On February 8, 2000, United States Patent No. 6,022,329 ("the '329 patent"), entitled "IRRIGATION HANDPIECE WITH BUILT IN PULSING PUMP" (Exhibit A), duly and legally issued. Stryker owns all rights, title, and interest in and to the '329 patent and the right to sue for past infringement. SPR holds an exclusive license

to make, use, and sell under the '329 patent. SSC holds an exclusive sub-license to market and sell under the '329 patent.

12. On January 30, 2001, United States Patent No. 6,179,807 (the "'807 patent'"), entitled "SURGICAL/MEDICAL IRRIGATOR WITH REMOVABLE TIP AND INTEGRATED SUCTION CONDUIT" (Exhibit B), duly and legally issued. Stryker owns all rights, title, and interest in and to the '807 patent. SPR holds an exclusive license to make, use, and sell under the '807 patent. SSC holds an exclusive sub-license to market and sell under the '807 patent.

13. On December 5, 2006, United States Patent No. 7,144,383 (the "'383 patent'"), entitled "SURGICAL/MEDICAL IRRIGATING HANDPIECE WITH VARIABLE SPEED PUMP, INTEGRATED SUCTION AND BATTERY PACK" (Exhibit C), duly and legally issued. Stryker owns all rights, title, and interest in and to the '383 patent. SPR holds an exclusive license to make, use and sell under the '383 patent. SSC holds an exclusive sub-license to market and sell under the '383 patent.

14. On January 7, 2000, Stryker filed a patent infringement lawsuit against Davol, Inc. in the Western District of Michigan, asserting infringement of the '329 patent and U.S. Patent No. 5,718,668. That litigation, Civil Action No. 4:00CV04, concluded with a Stipulation of Dismissal filed on January 9, 2001, after the parties entered into a confidential settlement agreement in which Davol took a license on the '329 patent, the '668 patent, and all patents and patent applications in the same patent family, including the '383 patent.

**Jurisdiction and Venue**

15. This is an action for patent infringement that arises under the patent laws of the United States, Title 35 U.S.C. §1 et seq. and seeks damages and injunctive relief as provided in 35 U.S.C. §§281 and 283-285. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).

16. Venue is proper in this district under 28 U.S.C. §§1391(c) and 1400(b), as Defendants have regularly conducted business in this Judicial District and has committed, and is continuing to commit, acts of patent infringement by making, using, selling, or offering to sell pulsed lavage systems that infringe Stryker's patents.

17. This Court has personal jurisdiction over Defendants because Defendants have done and are doing substantial business in this Judicial District, both generally and with respect to the allegations in this Complaint, and Defendants have committed one or more acts of infringement in this District.

## COUNT I –
## INFRINGEMENT OF U.S. PATENT NO. 7,144,383

18. Plaintiffs incorporate paragraphs 1 through 17 as if fully set forth herein.

19. Defendants have manufactured, used, imported, offered for sale, or sold wound debridement systems under the name "Pulsavac Plus" that infringe, either literally or under the doctrine of equivalents, at least one claim of the '383 patent, either directly, contributorily, by inducement or otherwise, in violation of 35 U.S.C. §271. Plaintiffs have complied with the requirements of 35 U.S.C. §287. Defendants' infringement will continue unless enjoined by this Court.

20. Defendants' infringement has damaged and continues to damage and injure Plaintiffs. The injury to Plaintiffs is irreparable and will continue unless and until Defendants are enjoined from further infringement.

21. Defendants are engaging in willful and deliberate infringement of the '383 patent which justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. §284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. §285.

## COUNT II –
## INFRINGEMENT OF U.S. PATENT NO. 6,022,329

22. Plaintiffs incorporate paragraphs 1 through 21 as if fully set forth herein.

23. Defendants have manufactured, used, imported, offered for sale, or sold wound debridement systems under the name "Pulsavac Plus" that infringe, either literally or under the doctrine of equivalents, at least one claim of the '329 patent, either directly, contributorily, by inducement or otherwise, in violation of 35 U.S.C. §271. Plaintiffs have complied with the requirements of 35 U.S.C. §287. Defendants' infringement will continue unless enjoined by this Court.

24. Defendants' infringement has damaged and continues to damage and injure Plaintiffs. The injury to Plaintiffs is irreparable and will continue unless and until Defendants are enjoined from further infringement.

25. Defendants are engaging in willful and deliberate infringement of the '329 patent which justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. §284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. §285.

## COUNT III –
## INFRINGEMENT OF U.S. PATENT NO. 6,179,807

26. Plaintiffs incorporate paragraphs 1 through 25 as if fully set forth herein.

27. Defendants have manufactured, used, imported, offered for sale, or sold wound debridement systems under the name "Pulsavac Plus" that infringe, either literally or under the doctrine of equivalents, at least one claim of the '807 patent, either directly, contributorily, by inducement or otherwise, in violation of 35 U.S.C. §271. Plaintiffs have complied with the requirements of 35 U.S.C. §287. Defendants' infringement will continue unless enjoined by this Court.

28. Defendants' infringement has damaged and continues to damage and injure Plaintiffs. The injury to Plaintiffs is irreparable and will continue unless and until Defendants are enjoined from further infringement.

29. Defendants are engaging in willful and deliberate infringement of the '807 patent which justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. §284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. §285.

## JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

    A.    That United States Patent Nos. 7,144,383, 6,022,329, and 6,179,807 be judged valid, enforceable, and infringed by Defendants, and that Defendants' infringement be judged to be willful;

    B.    That the Court preliminarily and permanently enjoin Defendants, its subsidiaries, parent, divisions, agents, servants, and employees from making, using, selling, offering for sale, importing or distributing any infringing wound debridement systems from infringing, contributing to the infringement of, and inducing infringement of United States Patent Nos. 7,144,383, 6,022,329, and 6,179,807 and for all further and proper injunctive relief;

    C.    That Plaintiffs be awarded judgment against Defendants for damages, together with interest and costs;

    D.    That Plaintiffs be awarded treble damages pursuant to 35 U.S.C. §284;

    E.    That Plaintiffs be awarded their reasonable costs, expenses, attorneys' fees pursuant to 35 U.S.C. §285 or other applicable law; and

    F.    That Plaintiffs be awarded other and further relief as this Court may deem just and proper under the circumstances.

Dated: December 10, 2010            Respectfully submitted,

                                                      */s/ Craig H. Lubben*
                                                      Craig H. Lubben (P33154)
                                                      **MILLER JOHNSON**
                                                      303 North Rose Street
                                                      Suite 600
                                                      Kalamazoo, Michigan 49007-3850
                                                      (269) 226-2958

Gregory J. Vogler
Sharon A. Hwang
Deborah A. Laughton
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
(312) 775-8000

*Attorneys for Plaintiffs,*
Stryker Corporation,
Stryker Puerto Rico, Ltd. and
Stryker Sales Corporation